```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION


BARBARA L. MILLER,               )
                                 )
          Plaintiff,             )
     vs.                         ) NO. 1:10-cv-01685-SEB-MJD
                                 )
ST. JOHN'S HEALTH SYSTEM, INC.,  )
                                 )
          Defendant.             )
```

**ORDER REGARDING SUBPOENA DIRECTED TO NON-PARTY THE INDIANA**

**DEPARTMENT OF WORKFORCE DEVELOPMENT**

This matter is before the Court on non-party the Indiana Department of Workforce Development's ("IDWD") Motion to Quash [Dkt. 18] and Defendant Saint John's Health System, Inc.'s ("St. John's") Motion to Compel Non Party Discovery. [Dkt. 20]. The Court, being duly advised, now **DENIES** the Motion to Quash and **GRANTS** in part and **DENIES** in part the Motion to Compel Non-Party Discovery, as follows:

Plaintiff, Barbara Miller, brought a claim against her former employer, St. John's, alleging that she was wrongfully terminated in violation of the Age Discrimination in Employment Act ("ADEA"). St. John's issued a subpoena *duces tecum* to IDWD seeking documents relating to Plaintiff's application for benefits through IDWD to determine what steps she had taken to

1

seek new employment.  Such records are relevant to Plaintiff's wrongful termination claim on the issue of mitigation of damages and thus are proper for a discovery request by St. John's.  St. John's requested production of:

> [A] true, complete and authentic copy of its entire file and/or records (including computer files) in its possession for Barbara L. Miller, Date of Birth [redacted], Social Security No. [redacted] regarding her employment with and separation from Saint John's Health Systems, Inc.

[Brief in Support of Defendant's Motion to Compel Non-Party Discovery at Ex. A].

The IDWD is governed by several statutes of the Indiana Code, including § 22-4-19-6 which states, in pertinent part, that:

> … information obtained or obtained from any person in the administration of this article and the records of the department relating to the unemployment tax or the payment of benefits is confidential and may not be published or be open to public inspection in any manner revealing the individual's or the employing unit's identity, *except in obedience to an order of a court* or as provided in this section.

Ind. Code § 22-4-19-6(b) (emphasis added).  Acting in what it claimed to be in accordance with this section of the Indiana Code, IDWD responded to St. John's subpoena with a form letter issued on March 25, 2011, indicating that the "information you requested is confidential pursuant to Indiana Code 22-4-19-6 and may not be disclosed in the absence of a court order signed by a

judge or signed consent from the claimant." [Brief in Support of Defendant's Motion to Compel Non-Party Discovery at Ex. B]. Upon receipt of IDWD's form objection, and in compliance with Local Rule 37.1, Defendant replied in a letter to IDWD on March 28, 2011, explaining that courts in the Southern District of Indiana have ruled that a subpoena is a court order for purposes of the requirements of Ind. Code § 22-4-19-6(b), and that the information sought by the subpoena must, therefore, be disclosed. [Brief in Support of Defendant's Motion to Compel Non-Party Discovery at Ex. C]. Instead of responding to the subpoena, IDWD filed the Motion to Quash currently before the court, and Defendant responded by filing the instant Motion to Compel.

IDWD argues that the United States Department of Labor mandates states to pass legislation that includes provisions for maintaining the confidentiality of identifying information about any individual or past or present employer and "provision[s] for barring the disclosure of any such information *except as provided in this part*." 20 C.F.R. § 603.4(b) (emphasis added). The regulations further provide that the "State [unemployment compensation] agency must file and diligently pursue a motion to quash the subpoena or other compulsory process or other means of avoiding the disclosure of confidential [unemployment compensation] information are not successful or if the court has

not already ruled on the disclosure." 20 C.F.R. § 603.7(a). However, 20 C.F.R. § 603.7(b) provides exceptions to the section requiring the state agency to file a motion to quash a subpoena and permits disclosure where "a court has previously issued a binding precedential decision that requires disclosure of this type, or a well-established pattern of prior court decisions have required disclosures of this type."

The Seventh Circuit recently reaffirmed that a subpoena *duces tecum* served by an attorney is an "order of the court." *U.S. Sec. & Exch. Comm'n v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). In addition, several courts have repeatedly determined that these orders apply to the court order requirement under Ind. Code § 22-4-19-6 and have consistently denied IDWD's motions to quash subpoenas *duces tecum*. *See Barker v. Floyd Mem'l Hosp. & Health Servs.*, 4:10-cv-00026-RLY-WGH, Docket No. 31, at 4 (S.D. Ind. Sept. 27, 2010) (compelling production of unemployment file and holding that the "subpoena *duces tecum* qualifies as the type of 'order of the court' required by Ind. Code § 22-4-19-6(b)."); *Hughes v. St. Vincent New Hope, Inc.*, 1:10-cv-1577-LJM-TAB, Docket No. 28, at 1 (S.D. Ind. May 4, 2011) (IDWD ordered to produce documents subject to Defendant's subpoena); *Saunders v. Wesleyan Health Care Ctr., Inc.*, No. 1:10-CV-00384-SEB-DML, 2011 WL 839664 (N.D. Ind. Mar. 7, 2011) (granting defendant's motion

to compel IDWD to produce unemployment compensation file); *Pomart v. Purdue Univ.*, 2005 U.S. Dist. LEXIS 42709, at *2 (N.D. Ind. Dec. 15, 2005) (denying IDWD's motion to quash and ordering compliance with subpoena issued by the defendant); *Davenport v. Indiana Masonic Home Found., Inc.,* No. IP 00-1047-C H/G, 2003 WL 1888986, at *3 (S.D. Ind. Mar. 27, 2003) (denying plaintiff's motion to quash subpoenas to IDWD).  While these decisions are non-binding, they certainly constitute a "well established pattern of prior court decisions" requiring "disclosures of this type" sufficient to satisfy the exception in 20 C.F.R. § 603.7(b)(1).  Accordingly, IDWD is not mandated by the Department of Labor to move to quash subpoenas in cases involving these circumstances.

IDWD now also argues that Section 22-4-19-6(b) must be read in conjunction with Ind. Code § 22-4-17-9 to conclude that the information sought by St. John's is privileged, and that federal law recognizes such privilege.  IDWD claims that the following language applies in this case:

> Any testimony or evidence submitted in due course before the board, the department, the review board, an administrative law judge, or any duly authorized representative of any of them shall be deemed a communication presumptively privileged with respect to any civil action except actions to enforce the provisions of this article.

Ind. Code § 22-4-17-9.

IDWD misinterprets and misapplies Ind. Code § 22-4-17-9, which is actually an immunity statute for unemployment claimants providing information to state unemployment compensation agencies, and a privilege statute for employers providing information about employees. "The immunity provided in Ind.Code § 22-4-17-9 becomes available after an individual is 'compelled after having claimed his privilege against self-incrimination to testify or produce evidence….'" *Penny v. Review Bd. of the Ind. Dept. of Workforce Dev.*, 852 N.E.2d 954, 957 (Ind. App. 2006) (quoting Ind. Code § 22-4-17-9). "[T]he 'privilege' section of the statute is intended to protect from libel or defamation actions employers who provide information about an employment claimant's termination from employment." *Id.* at 598; *see also Sanders v. Stewart*, 298 N.E.2d 509, 512-13 (Ind. Ct. App. 1973) (discussing the statute's creation of a qualified privilege for employers in libel and slander actions). The IDWD cites no authority that applies this statute to the issue present here, which is the disclosure of records related to unemployment compensation by IDWD pursuant to a valid subpoena, and misapplies the statue by only focusing on the last sentence of that particular code section.[1] Thus, this Court declines to find that

---

[1] The first part of the Ind. Code § 22-4-17-9 states:
  No person shall be excused from attending and testifying or from producing books, papers, correspondence, memoranda, and other records before the board, the department, the review board, an administrative law judge, or the duly authorized representative of any of them in obedience to the subpoena of any of them in any cause or proceeding before any of them on the ground that the testimony or evidence,

6

§ 22-4-19-6(b) must be read in conjunction with Ind. Code § 22-4-17-9 to create a privilege preventing disclosure of unemployment compensation records by IDWD pursuant to a properly issued subpoena *duces tecum*.

Furthermore, even if this Court were to accept that Ind. Code § 22-4-17-9 creates a presumptive privilege under Indiana state law that would be applicable to this type of disclosure, IDWD's argument would fail because such privilege would not apply in this situation. The only evidentiary privileges applicable to federal question suits are provided by federal law; state evidentiary privileges only apply in diversity cases where state substantive law applies. Fed. R. Evid. 501; *see also Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 926 (7th Cir. 2004). IDWD argues that, because the state confidentially statute is mandated by federal law, the confidentially mandate is "federally recognized." This exact argument has already been rejected by United States Magistrate Judge Baker in *Hughes*. 1:10-cv-1577-LDM-TAB at Dkt. 28. A similar argument concerning a privilege created in Nevada's unemployment compensation statues has been

---

documentary or otherwise, required of the person may tend to incriminate the person or subject the person to a penalty or forfeiture, but *no individual shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which the person is compelled after having claimed the privilege against self-incrimination to testify or produce evidence, documentary or otherwise, except that such individual so testifying shall not be exempt from prosecution and punishment for perjury committed in so testifying.*
(emphasis added)

7

rejected in at least one other district.  *See Delorie v. Parball Corp.*, No. 2:09-CV-00933-RLH, 2010 WL 3238997 at *2 (D. Nev. 2010).  IDWD has provided no legal authority to support the proposition that a federally mandated state statute transforms a state privilege into a federal privilege.  In fact, the relevant federal regulations only require that provision be made that the information sought herein be protected as "confidential."  20 C.F.R. § 603.4(b)(c).  The chasm between a federal mandate of confidentiality and the federalization of the state "presumptive privilege" claimed by the IDWD is so vast that the inferential leap attempted by the IDWD in an effort to sanction its creation is doomed to failure, much like Evel Knievel's attempt to leap the Snake River Canyon.

   Given the lack of legal authority to support IDWD's argument, as well as the existence of previous rulings that have rejected similar arguments, the Court declines to adopt IDWD's novel argument.  While it is true that new privileges can be created through federal common law, the Seventh Circuit has explained that "it is not for us—especially in so summary a proceeding as [litigation to quash a subpoena]—to create [a new privilege] whether all at once or by a process of slow but inevitable additions…." *Nw. Mem'l Hosp.*, 362 F.3d at 926.

In light of these considerations, the court finds as follows:

1. The subpoena *duces tecum* qualifies as the type of "order of a court" necessary under Ind. Code § 22-4-19-6(b). Therefore, IDWD must produce the information sought by Defendant in the subpoena *duces tecum*.

2. Defendant is not entitled to attorney's fees and costs at this time. IDWD raised this issue in several cases nearly simultaneously, and while IDWD's objections have ultimately proven to be unsuccessful, it cannot be said that the position taken by IDWD was not substantially justified when taken. However, IDWD has now been unsuccessful in raising this issue in several cases. Consequently, the issue of sanctions will be revisited if IDWD continues to raise and pursue these objections in future cases.

Dated: 07/29/2011

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

Matthew T. Black
STATE OF INDIANA OFFICE OF THE ATTORNEY GENERAL
matthew.black@atg.in.gov

John H. Haskin
HASKIN & LARUE
jhaskin@hlllaw.com

John Patrick Ryan Jr.
HALL RENDER KILLIAN HEATH & LYMAN
jpryan@hallrender.com

Vanessa Lynne Voigt
INDIANA ATTORNEY GENERAL
vanessa.voigt@atg.in.gov

Craig M. Williams
HALL RENDER KILLIAN HEATH & LYMAN
cwilliams@HallRender.com

Bradley L. Wilson
HASKIN & LARUE
bwilson@hlllaw.com